IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANCELL EUGENE HAMM,                    :
    Plaintiff,                         :
                              :
    v.                                 :       **CIVIL ACTION NO. 21-CV-2800**
                              :
JUAN R. SÁNCHEZ, *et al.*,              :
    Defendants.                        :

**MEMORANDUM**

**GOLDBERG, J.**                                        **OCTOBER 28, 2021**

Plaintiff Ancell Eugene Hamm, a prisoner incarcerated at SCI Fayette, filed this civil action

pursuant to 42 U.S.C. § 1983 against several defendants including: (1) Chief Judge Juan R.

Sánchez; (2) Charles Zagorskie (identified in the Complaint as the "Chief County Detective" at

the Chester County Courthouse); (3) William Billy Lamb ("Sub Nomine District Attorney, Chester

County, PA"); (4) Thomas L. Whiteman ("Solicitor Chester County"); and (5) "Chester County

Grand Jury Foreman Charles Last Name Unknown."  (ECF No. 1.)  Hamm raises claims related

to his 1972 arrest and resulting criminal prosecution and conviction.  For the following reasons,

the Court will dismiss Hamm's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) as legally

frivolous.

**I.**       **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Hamm is serving a life sentence for murdering two police officers in 1972.  *Hamm v.*

*Obama*, Civ. A. No. 11-1429, 2011 WL 10604622, at *1 (D.D.C. Aug. 31, 2011), *aff'd*, 448 F.

App'x 76 (D.C. Cir. 2012) (citing *Hamm v. Rendell*, Civ. A. No. 08-442, 2009 WL 8191941, at *1

(W.D. Pa. Oct. 8, 2009).  Over the past several decades, Hamm has repeatedly and unsuccessfully

challenged his conviction and sentence in numerous federal *habeas* proceedings.[1]  *See, e.g., Hamm v. Court of Common Pleas for the 15th Judicial Dist.*, No. Civ. A. 11-1067, 2011 WL 1668388, at *1 (E.D. Pa. May 2, 2011) (observing that "Petitioner has filed numerous petitions with this court seeking habeas corpus relief" and that "[t]he United States Court of Appeals for the Third Circuit has denied multiple applications by Petitioner for authorization to file a second or successive writ of habeas corpus").

Several judges in this District, including, most recently, the Honorable Chad F. Kenney, have been assigned to Hamm's *habeas* proceedings and have denied Hamm *habeas* relief.  *See Hamm v. Lane*, E.D. Pa. Civ. A. No. 20-3135 (July 9, 2020 Order, ¶ 2) (Judge Kenney dismissed petition for lack of subject matter jurisdiction because it was a successive petition); *Hamm v. Schmehl*, E.D. Pa. Civ. A. No. 18-3093 (Judge Pappert dismissed petition for lack of subject matter jurisdiction because it was a successive petition and subsequently prohibited Hamm from filing additional *habeas* petitions challenging his 1974 murder conviction "without first requesting and receiving approval from this Court."); *Hamm v. Lane*, E.D. Pa. Civ. A. No. 17-687 (Judge Schmehl dismissed Hamm's case for failure to file a proper petition); *Hamm v. Castille*, E.D. Pa. Civ. A. No. 13-5185 (Judge Ditter dismissed Hamm's petition with prejudice, noting that Hamm had filed at least sixteen unsuccessful prior *habeas* petition and that he was repeating arguments presented to the Court over many years regarding his convictions); *Hamm v. Court of Common Pleas for the 15th Judicial District of Pa.*, E.D. Pa. Civ. A. No. 11-1067 (Judge Ditter denied Hamm's petition with prejudice and directed the Clerk not to accept further filings in the case).

---

[1] Hamm has alleged in other cases that his life sentences were vacated in 1977, but "he ignores the fact that his life sentences for two counts of first-degree murder were reimposed on remand and affirmed by the Pennsylvania Supreme Court."  *Hamm v. Rendell*, 376 F. App'x 244, 245 (3d Cir. 2010) (per curiam).

Hamm has also begun filing federal civil rights cases related to his convictions, including a case he filed in 2020 in which he brought similar claims against several of the defendants named in the instant Complaint. *See Hamm v. Zagorskie*, E.D. Pa. Civ. A. No. 20-4659, 2021 WL 515386, at *1 (Feb. 11, 2021). Judge Pratter dismissed the complaint with prejudice as frivolous. *Id.*

On June 12, 2021, Hamm filed the instant Complaint with this Court and subsequently paid the filing fee. Hamm avers that his 1974 murder convictions are invalid because the grand jury failed to issue a true bill of indictment. Specifically, Hamm asserts that the grand jury foreman, Charles "Last Name Unknown", "[f]ailed to date the requested Indictment in his own handwriting" and "Rubber Stamped [the] Indictment" with a date when the murder victims were still alive. (ECF No. 1 at 3, 4.)[2] As a result, Hamm claims to have been illegally incarcerated in violation of his constitutional rights. (*Id.* at 6.) Hamm seeks a jury trial "for Damages for One Million Dollars for every Year plaintiff has been incarcerated without being Indicted for Murder by Chester County Grand Jury on 22. January 1973" because he claims that he was "Not Indicted by the Grand Jury. For Violation of the 1939 Penal Code. Murder Statute." (*Id.*) (emphasis in original). He also asserts that he "must be discharged forthwith." (*Id.* at 4.)

For the reasons below, the Court will dismiss Hamm's Complaint as legally frivolous.

## II.   STANDARD OF REVIEW

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). The

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As Hamm is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The Court will dismiss Hamm's Complaint as frivolous, noting that this is not the first time Hamm has sued high-ranking officials in connection with his 1974 murder convictions.  In 2011, he sued then-President Barack Obama, Hillary Clinton, Tom Corbett, and two judges, raising similar claims to those raised in the instant case.  *See Hamm v. Obama*, Civ. A. No. 11-1429 (D.D.C.).  That case was dismissed as frivolous.  *Id.* (August 31, 2011 Memorandum).  In 2019, Hamm sued then-President Donald J. Trump, three federal Judges of this District who had presided over his prior *habeas* proceedings, Warden Mark Capozza, and Clerk of Court Kate Barkman, claiming that his 1974 murder convictions were invalid because the grand jury failed to issue a true bill of indictment.  *See Hamm v. Trump*, Civ. A. No. 19-1697, 2019 WL 2162301, at *2 (E.D. Pa. May 16, 2019).  That case was also dismissed as frivolous.  *Id.*  As stated above, in 2020, Hamm sued a federal Judge of this District, among others, in a civil rights case based on his 1972 arrest and 1974 murder conviction that was also dismissed as frivolous.  *See Hamm v. Zagorskie*, E.D. Pa. Civ. A. No. 20-4659, 2021 WL 515386, at *1 (Feb. 11, 2021).

Hamm has not stated any claims against Chief Judge Sánchez.  Chief Judge Sánchez's name appears only in the caption and in the list of defendants on the complaint form, without any indication as to why Hamm included him as a defendant.

Hamm has likewise not stated any plausible basis for concluding that Zagorskie violated his rights.  Any claims made by Hamm pursuant to 42 U.S.C. § 1983 for constitutional violations

stemming from his 1972 arrest are in any event time-barred.  Pennsylvania's two-year statute of limitations period applies to these types of § 1983 claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). The limitations period governing claims related to searches and seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam).  The limitations period governing claims of false arrest without a warrant accrues at the time the litigant became detained pursuant to legal process.  *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.").  Hamm's Complaint, filed in 2021, nearly half a century after his arrest, is clearly untimely as to those claims.

To the extent Hamm sued Lamb and Whiteman based on their positions as prosecutors during his criminal trial or subsequent *habeas* proceedings, these defendants are entitled to absolute immunity.  Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424

U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, No. 19-1066, 2020 WL 1921611, at *6 (3d Cir. Apr. 20, 2020).  Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348–49 (2009).

Finally, to the extent that Hamm sues "Charles" based on his role as the grand jury foreman, he is also entitled to absolute immunity.  Like other officers of the court, the grand jury enjoys absolute immunity from civil or criminal suit for its acts, which prevents any inquiry into the grand jury's motivations.  *See Imbler*, 424 U.S. at 423 n. 20 (Grand jurors possess absolute immunity because like a judge they must "exercise a discretionary judgment on the basis of evidence presented to them."); *Yaselli v. Goff*, 12 F.2d 396, 403 (2d Cir. 1926) (Grand jurors and other judicial officers are not liable "in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which has produced it.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).[3]  Hamm will not be permitted to file an amended complaint

---

[3] It is also worth noting that Hamm may not seek release from imprisonment in a § 1983 action, nor may he seek damages based on unconstitutional conviction or imprisonment while his convictions remain intact.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging

because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d

Cir. 2002).  An appropriate Order follows.

---

the very fact or duration of his physical imprisonment, and the relief he seeks is a determination
that he is entitled to immediate release or a speedier release from that imprisonment, his sole
federal remedy is a writ of habeas corpus.").